```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

JORGE ABREU SOSA,

       Plaintiff,
v.                                   Case No. 8:16-cv-1283-T-33TGW

WRIGHT NATIONAL FLOOD
INSURANCE COMPANY,

       Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Wright National Flood Insurance Company's Motion to Strike Plaintiff's Jury Demand (Doc. # 13), filed on June 9, 2016. Plaintiff Jorge Abreu Sosa had until June 27, 2016, to file a response. As of the date of this Order, Sosa has not responded and accordingly the Court grants the Motion as unopposed.

**Discussion**

Sosa owns property insured by Wright. (Doc. # 2 at ¶ 3). Wright participates in a Write-Your-Own (WYO) Program pursuant to the National Flood Insurance Act of 1968, 42 U.S.C. § 4001 et seq (NFIA). (Doc. # 13 at 1). On August 3, 2015, Sosa discovered water damage due to a flood. (Doc. # 2 at ¶ 7). Sosa then filed a claim and Wright denied coverage.

(Id. at ¶ 9, 11). Sosa filed suit in state court alleging breach of contract and claiming damages of $27,255.25. (Id. at ¶ 14). Wright subsequently removed to this Court on the basis of federal question jurisdiction. (Doc. # 1). Wright now moves to strike Sosa's jury demand.

WYO companies are "fiscal agents of the United States." Newton v. Capital Assurance Co., 245 F.3d 1306, 1311 (11th Cir. 2001). The Director of the Federal Emergency Management Agency (FEMA) authorizes private insurance companies to issue Standard Flood Insurance Policies (SFIP). 42 U.S.C.A. §§ 4011, 4013, 4016. Any claim payments are made by FEMA. 42 U.S.C.A. § 4019, 4071.

The Seventh Amendment right to a jury trial does not apply in actions to recover money from the federal government. Lehman v. Nakshian, 453 U.S. 156, 160 (1981). A plaintiff may retain the right if the United States has unequivocally expressed a waiver of immunity. Id. This is not the case with the NFIA; indeed, courts have routinely held that a plaintiff insured by a WYO company is not entitled to a jury trial in a breach of contract action. See, e.g., Gunter v. Farmers Ins. Co., 736 F.3d 768, 773 (8th Cir. 2013) (affirming district court's order quashing jury demand); Grissom v. Liberty Mut. Fire Ins. Co., 678 F.3d 397, 402 (5th Cir. 2012)

2

("The right to a jury trial has not been extended by the government to WYO cases.") (citation omitted); Cook v. USAA Gen. Indem. Co., 2008 WL 5265103, at *5 (N.D. Cal. Dec. 16, 2008); Estate of Osborn v. Fire Ins. Co., 2007 WL 2774471, at *1 (S.D. Ala. Sept. 24, 2007); Evanoff v. Standard Fire Ins. Co., 2007 WL 1577744, at *5 (N.D. Ohio May 29, 2007).

Because Sosa's flood insurance policy is issued by a WYO program, the federal government would be responsible for any damages awarded. Thus, Sosa does not have a right to a jury trial in this breach of contract action.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Wright National Flood Insurance Company's Motion to Strike Plaintiff's Jury Demand (Doc. # 13) is **GRANTED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of June, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE