UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JORGE ABREU SOSA,

    Plaintiff,

v.                            Case No. 8:16-cv-1283-T-33TGW

WRIGHT NATIONAL FLOOD INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Wright National Flood Insurance Company's Motion for Summary Judgment (Doc. # 33), which was filed on February 10, 2017. Plaintiff Jorge Abreu Sosa, an individual represented by counsel, failed to file a response in opposition to the Motion and the time to do so has expired. The Court, accordingly, considers the Motion for Summary Judgment as an unopposed Motion.

However, this Court is not permitted to grant the Motion for Summary Judgment solely because such Motion is unopposed. <u>Minhngoc P. Tran v. Boeing Co.</u>, 190 Fed. Appx. 929, 932 (11th Cir. 2006)("[A] district court cannot grant summary judgment just because the motion was unopposed, but must at least review all the evidentiary materials submitted in support of

the motion for summary judgment to ensure the motion is supported.").

Here, the Court grants the Motion based upon its review of the entire record, viewing the evidence in the light most favorable to Sosa as the non-movant, and based upon its finding that Wright is entitled to judgment as a matter of law.

I.  **Factual Background and Procedural History**

Wright, while acting in its capacity as a Write-Your-Own Program insurance carrier participating in the United States government's National Flood Insurance Program, issued Sosa a Standard Flood Insurance Policy. (Doc. # 33-2). The Policy Number is 09 1151252266 00. (Id.). The property insured is located at 6001 Wilshire Drive, Tampa, Florida 33615. (Id.). The Policy provided Building Coverage of $62,200, subject to a $5,000 deductible and Contents Coverage of $4,900, subject to a $5,000 deductible. (Id.; Carolann Whitfield Aff. Doc. # 33-3 at ¶ 5). The insured property was damaged in a flood on August 3, 2015. (Doc. # 1 at ¶ 7). Sosa notified Wright of the damage on August 7, 2015. (Carolann Whitfield Aff. Doc. # 33-3 at ¶ 6).

Article VII(j)(4) of the Policy required Sosa to file a Proof of Loss with Wright as follows:

J.  Requirements in Case of Loss
In case of a flood loss to insured property, you must:
. . . .
4.  Within 60 days after the loss, send us a proof of loss, which is your statement of the amounts you are claiming under the *policy* signed and sworn to by you, and which furnishes us with the following information:
a.  The date and time of loss;
b.  A brief explanation of how the loss happened;
c.  Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
d.  Details of any other insurance that may cover the loss;
e.  Changes in title or occupancy of the covered property during the term of the *policy*;
f.  Specifications of damaged *buildings* and detailed repair estimates;
g.  Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
h.  Details about who occupied any insured *building* at the time of loss and for what purpose; and
i.  The inventory of damaged personal property described in *J.3* above.

(Doc. # 33-2 at 33-34)(emphasis in original). Sosa never provided a sworn Proof of Loss to Wright. (Carolann Whitfield Aff. Doc. # 33-3 at ¶¶ 10, 12). With a loss date of August 3, 2015, the Proof of Loss was due by October 3, 2015. (Id. at ¶ 11).

On August 7, 2015, John Boulageris, an independent adjuster with Colonial Claims determined that the damaged portion of the Property was located in the "basement" as

3

defined in the Standard Flood Insurance Policy. (Boulageris Report Doc. # 33-6). Boulageris found that the covered damage to the basement area totaled $2,370.50. (Id. at 7). After subtracting the $5000 Policy deductible, no payments were made to Sosa. (Carolann Whitfield Aff. Doc. # 33-3 at ¶ 8). Thereafter, Boulageris completed an updated report with an estimate totaling $4,565.75 in damages. (Boulageris Second Report Doc. # 33-7). However, since that amount was also below the $5,000 Policy deductible, no payments were made to Sosa.

On October 20, 2016, Robert Breedlove, a Florida licensed Professional Surveyor and Mapper, inspected Sosa's Property. Breedlove's measurements revealed that the floor of the lower level of the Property is below ground on all four sides. (Breedlove Aff. Doc. # 33-8 at ¶ 8). As stated in Breedlove's Affidavit, "the lowest floor of the Property is a 'basement' as defined by the Standard Flood Insurance Policy." (Id. at ¶ 9). Sosa testified during his deposition that the lower level of his property was "below ground." (Sosa Dep. Doc. # 33-9 at 17).

Sosa filed suit against Wright in state court alleging that Wright breached the Insurance Policy by failing to pay Sosa's claims. (Doc. # 2). Wright removed the case to this

Court because Wright participates in the National Flood Insurance Program's Write-Your-Own Program and this program is created pursuant to the National Flood Insurance Act. 42 U.S.C. § 4001. As stated in the Notice of Removal, "this Court has original exclusive jurisdiction over this matter pursuant to 42 U.S.C. § 4072 and 44 C.F.R. Part 61, App. A(1), Article VII(R), which vests in the United States District Court for the district in which the insured property is located with exclusive subject-matter jurisdiction, without regard to the amount in controversy, over cases arising out of a disputed flood insurance claim under the NFIP." (Doc. # 1 at ¶ 6).

Wright seeks an Order dismissing Sosa's claim for insurance benefits based on Sosa's failure to submit a timely sworn Proof of Loss. In the alternative, and if the Court finds against Wright on the Proof of Loss issue, Wright seeks an order finding that the area of the property damaged by the flood was a "basement," as defined by the Policy.

## II. <u>Summary Judgment Standard</u>

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'q Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See id. When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. See id.

### III. **Analysis**

Congress underwrites all operations of the National Flood Insurance Program, including claims adjustment, through the

6

United States Treasury. 42 U.S.C. § 4017(d)(1). Consequently, the federal government pays all flood insurance claims and reimburses Write-Your-Own Program insurers their costs, including defense costs, for the adjustment and payment of claims. Grissom v. Liberty Mut. Fire Ins. Co., 678 F.3d 397, 402 (5th Cir. 2012); see also Newton v. Capital Assur. Co. Ins., 245 F.3d 1306, 1312 (11th Cir. 2001).

Because the federal government pays all of the claims, all conditions precedent must be fulfilled before receiving benefits under a Standard Flood Insurance Program Policy. See Sanz v. U.S. Sec. Ins. Co., 328 F.3d 1314, 1319 (11th Cir. 2003)("[T]he insured must adhere strictly to the requirements of the standard federal flood insurance policy before any monetary claim can be awarded against the government.").

Just like in the Sanz case, Sosa failed to furnish the insurer with a sworn and timely Proof of Loss. When faced with this issue, the Eleventh Circuit decisively held that "Sanz's failure to file a proof of loss within 60 days without obtaining a written waiver of the requirement eliminates the possibility of recovery." Id.; see also Lucien v. U.S. Sec. Ins., 143 Fed. Appx. 152, 153 (11th Cir. 2005)(affirming summary judgment in favor of insurer when insured failed to file a proof of loss form and finding "an insured is required

7

to unwaveringly adhere to the rules and regulations associated with a federal insurance policy").

It is undisputed that Sosa failed to file a Proof of Loss within the 60-day period, as required by the Policy. He admitted the same when responding to interrogatories. (Doc. # 33-5 at 2). This failure bars any recovery for the claimed loss. In addition, there is no evidence that Wright waived the requirement that such Proof of Loss be filed. As requested in the Motion for Summary Judgment, the Court dismisses Sosa's claim as a matter of law. (Doc. # 33 at 12).

The Court notes that Wright "alternatively" seeks a ruling that Sosa's claim is precluded, at least in part, because the damage occurred to a "basement" as that term is defined in the Policy.[1] However, in the Motion, Wright indicates that it only seeks a ruling regarding whether the loss occurred to the basement "if the Court does not dismiss the Plaintiff's claim for failure to file a Proof of Loss." (Doc. # 33 at 13). Because the Court has determined that Sosa is precluded from any recovery based on his failure to file a Proof of Loss, the Court does not reach the issue of whether

---

[1] The Policy defines a "basement" as "Any area of the *building*, including any sunken room or sunken portion of a room, having its floor below ground level (subgrade) on all sides." (Doc. # 33 at 5)(emphasis in original).

8

the damaged property was a "basement," as defined by the Policy.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Wright National Flood Insurance Company's Motion for Summary Judgment (Doc. # 33) is **GRANTED**. Plaintiff Jorge Sosa's claim for insurance benefits is dismissed with prejudice based on his failure to timely file a sworn Proof of Loss.

(2) The Clerk is directed to enter Judgment in Defendant Wright National Flood Insurance Company's favor and thereafter shall **CLOSE THE CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>17th</u> day of April, 2017.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE